## RUDEEN v. LILLY et al.

### No. 12910.

United States Court of Appeals
Ninth Circuit.

April 30, 1952.

Robert D. Wennergren, Preston, Idaho, Gus Carr Anderson and Walter H. Anderson, Pocatello, Idaho, for appellant.

Thomas H. Tongue, III, Portland, Or., U. S. Balentine, Klamath Falls, Or., Hicks, Davis & Tongue, Portland, Or., for appellees.

Before HEALY, BONE and POPE, Circuit Judges.

BONE, Circuit Judge.

Appellees who are co-partners and citizens of Oregon, instituted this action to foreclose a mortgage dated August 4, 1948 and executed in their favor by Great West Lumber Corporation, an Idaho corporation. The action was originally commenced in the Circuit Court of Oregon for Klamath County and later removed to the lower court. The property covered by a mortgage was a tract of land described as "NE-

¼ of SE–¼ Section 13, Township 23, South Range 9 East Willamette Meridian," located in Klamath County, Oregon and

"a complete sawmill installed thereon with buildings consisting among other things as follows: 2 circular saw headrakes, edger, automatic trim saw, conveyors, conveyor chains, numerous gas engines and other equipment in connection therewith."

The mortgage was executed, signed and delivered to appellees on behalf of Great West Lumber Corporation by R. O. Camozzi acting in the capacity of "President and General Manager" thereof, and it recited that it was intended to secure the payment of a debt of $10,000.00 due to appellees from said corporation in accordance with the tenor of a promissory note for said amount made payable to appellees. The mortgage was executed on behalf of said corporation[1] and signed by the said Camozzi as, and acting in the capacity of "President and General Manager" thereof. The said note also bore date of August 4, 1948; default in payment thereof resulted in the bringing of the foreclosure action above noted.

In the instant mortgage foreclosure action, Great West Lumber Corporation, Carl Rudeen (a resident of Idaho) and Klamath County, Oregon, were named as defendants. One of the allegations of the complaint was that appellant Carl Rudeen claimed "some right, title, interest and lien in and on the property" referred to in the mortgage instrument, and that such claim of interest, if any, was inferior in time and right to appellees' superior lien upon the said property. The complaint further alleged that Klamath County, Oregon, claimed a lien for taxes upon some or all of the property covered by the mortgage; the prayer was that the court ascertain the amount of such taxes and that the claim therefor be segregated and applied to specific properties and that the tax liens, if any, which were prior to appellees' lien, be paid.

Great West Lumber Corporation and Klamath County, Oregon defaulted and did not appear in this action.

Appellant Rudeen answered and defended on several grounds which we summarize as follows: That Camozzi attempted to execute the note and mortgage without actual or apparent authority so to do; that the indebtedness represented by the note has been fully paid; that prior to January 27, 1949 the defendant Great West Lumber Corporation was the owner of a complete sawmill situated on the real property described in the mortgage; that between August 4, 1948 and January 27, 1949, notices of tax liens for internal revenue taxes due the Federal Government from Great West Lumber Corporation were filed with the County Clerk of Klamath County, Oregon and pursuant to notice, said real property and said sawmill located thereon was offered for sale by the United States Internal Revenue Service to satisfy said liens for such taxes; that at such sale held on January 27, 1949, Rudeen was the highest bidder for said real and personal property and purchased the same (with additional personal property) for $8,000.00 and received certificates of purchase for said property; that he is the owner thereof, and is in possession of the same subject only to the right of redemption of Great West Lumber Corporation.

Further averments of Rudeen, by way of defense, were that R. O. Camozzi executed the said note and mortgage to secure appellees upon a pre-existing debt then due them from Great West Lumber Corporation and that the said acts of Camozzi were not the acts of the corporation he purported to represent; that appellees' said mortgage clouds Rudeen's title acquired under the Government sale to satisfy the lien of internal revenue taxes and this cloud should be removed by the decree of the court.

The pleadings were superseded by a pretrial order, and upon trial the lower court made and entered comprehensive Findings of Fact which covered all material issues in

---

1. The corporate seal of Great West Lumber Corporation was not attached to this mortgage.

evidence. Because of their length they are here summarized:—

The court found that Camozzi was the President and General Manager of Great West Lumber Corporation and the sole and only officer of that (Idaho) corporation present in Oregon during the times involved in this action; that the stockholders and directors thereof became inactive and failed to hold regular meetings or to take an active part in the affairs of the said corporation or to supervise the activities of its said President and General Manager but acquiesced in all of his acts, and under the by-laws of said corporation and the custom and practice thereunder, said stockholders and directors conferred and delegated both actual and apparent authority upon its said President and General Manager to take charge of, operate, manage and control all of the affairs of the corporation in Oregon, including the operation of the sawmill in Klamath County here involved, and also including all things which he considered to be necessary or proper in connection therewith; that as to the mortgage here involved such actual and apparent authority included power to execute the mortgage dated August 4, 1948, to plaintiffs (appellees) to secure a promissory note payable to plaintiffs under the same date, in the sum of $10,000 of which the sum of $9,546.63 is still due and owing on the principal thereof and that said mortgage was duly recorded in said Klamath County on August 5, 1948; that at and prior to the time of execution of the said note and mortgage plaintiffs (appellees) had filed suit against said corporation to recover the sum of $15,134.97 and had secured an attachment against the lumber produced by its sawmill and awaiting sale, and their preliminary injunction secured in that suit had restrained all sales of lumber by said corporation; that as a result thereof the said sawmill was forced to cease operations and only resumed operations when the mortgage was executed and the attachment released and

the injunction dismissed; that plaintiffs (appellees) declined to release said attachment and/or dismiss said injunction unless provided with security for said obligation by way of a mortgage; that to call a meeting of directors in Idaho to consider said matter would have required a delay of several days and it was not practicable to call such a meeting under the circumstances; that Camozzi had substantial reason to believe that such an emergency existed as to seriously threaten the affairs of said corporation unless said mortgage was executed immediately and without such delay; that its execution was reasonably necessary to prevent substantial loss and that the execution thereof enabled said corporation to secure the release and dismissal of the said attachment and injunction in order to resume sales of lumber and escape the danger of closing its sawmill operations all of which was of substantial benefit to said corporation, its directors and stockholders.

The court further found that at the time of the execution of the said mortgage and immediately thereafter the directors of the corporation had reason to know of all of the facts relating thereto and full opportunity to inform themselves as to all of said facts; that on November 17, 1948 the directors held a special meeting at which they considered the matter of the said note and mortgage but did not then, or at any time thereafter, take any action to rescind or reject the said mortgage or deny that it was a duly authorized, valid and existing obligation of the said corporation, and the execution of the mortgage has been ratified by them; that said corporation was served with summons and complaint in this action and has failed to deny any of the allegations of the complaint or contest the entry of a decree as prayed therein and is now in default.

The court further found that Rudeen was a stockholder and director of Great West Lumber Corporation at and following the time of the execution

of the said note and mortgage, and after the execution of said mortgage Rudeen attempted to reorganize the affairs of the said corporation; that he bid upon the assets of the corporation at a sale conducted on January 27, 1949, by the Collector of Internal Revenue pursuant to warrants of distraint for unpaid Federal internal revenue taxes levied upon the real and personal property of said corporation in Klamath, Oregon, including the property described in the said mortgage, but notices of tax liens for said unpaid taxes were not filed in said Klamath County until after the recording of the said mortgage; that at the said tax sale Rudeen submitted a bid of $8,000 for the real and personal property of said corporation subject to said tax liens, which said property was originally purchased and constructed by said corporation at a cost in excess of $200,000 and was the successful bidder at said tax sale; that prior to said tax sale Rudeen had full and complete knowledge of all facts relating to the execution of said mortgage and with this knowledge mailed a letter to plaintiffs (appellees) recognizing the existence and validity of their said mortgage, stating that the corporation had no funds to pay it and that the said tax sale would be subject to the said mortgage; that at the sale and thereafter Rudeen further recognized the existence and validity of the said mortgage and that said tax sale was made subject thereto; that plaintiffs (appellees) had reason to and did rely upon the aforesaid conduct and representations of Rudeen, and Rudeen was not an innocent or bona fide purchaser and is estopped to deny the validity of the said mortgage which was intended to and did cover the real property described therein together with a long list of items of sawmill equipment enumerated by the court and which the court held had been equipment used in the operation of the said sawmill and was covered by the said mortgage.

The court further found that the plaintiffs, Rudeen and Klamath County, Oregon, had stipulated that no real property taxes are due on the real property here involved but that personal property taxes in the sum of $3,369.32 [2] are due and have not been paid; that an attorney's fee of $1250.00 to be allowed plaintiffs is a reasonable fee.

■■ The Conclusions of Law were consistent with the Findings. They recited in general that the stockholders and directors had subsequently ratified the execution of the mortgage and were estopped to deny its validity; that the defendant corporation was in default; that Rudeen had failed to establish that his purchase at the tax sale was a bona fide transaction or by an innocent purchaser or for an adequate consideration and that he is estopped to deny the validity of the mortgage which is a valid and subsisting lien on the properties described therein and a lien prior in time and superior to any claim of Rudeen or the defendant corporation; that plaintiffs (appellees) are entitled to have said mortgage foreclosed and the property described therein sold and the proceeds applied to payment of monies due them on the mortgage debt and for attorney's fees, with interest at 6% per annum; that personal property taxes in the sum of $3,369.32 are due Klamath County, Oregon.

2. The parties had stipulated in writing the personal property taxes in the amount of $2860.19 were due in favor of Klamath County, Oregon. Since Klamath County made no appearance and was at best but a purely nominal party in this action whatever error appears in the court's appraisal of the exact amount of personal property taxes due Klamath County (whether it be the greater or lesser figure) does not prejudice any of the parties. The proper amount of such taxes is and will be a lien on the said property regardless of who acquires it at the Marshal's sale ordered by the court and the Marshal will merely pay the lesser sum to Klamath County from the proceeds of the sale if such sum is the correct amount of such taxes. This transaction affords no possible basis for a reversal in this case.

The decree of foreclosure was in accord with the findings and conclusions and directed sale of the property described and referred to in the findings by the United States Marshal, and included the further direction that from the proceeds of such sale the Marshal should pay the sum of $3,369.32 (see footnote 2) to Klamath County, Oregon. All parties were authorized to purchase at said sale, and defendants in the action and all persons claiming under or from them were forever barred and foreclosed of and from all equity of redemption and a claim in or to said property and all parts thereof, except such right of redemption as they may have by law from said sale.

In the points on which he intends to rely on appeal, Rudeen urges that the evidence does not support the findings and for this reason they are clearly erroneous; that the evidence would support only findings of fact and conclusions of law which required a decree in his favor.

The record fails to support these contentions. The evidence before the court was substantial and of such a convincing character that its findings cannot be said to be clearly erroneous. There was also evidence which justified inclusion of the more particular description of property in the findings and decree as against the more general description thereof appearing in the mortgage.

Certain specifications of error are also urged in appellant's brief as a reason for reversal. One is that since Klamath County did not appear or assert said taxes "there is no sufficient evidence establishing the amount adjudicated by the Court." (See footnote 2.) Other objections in the specifications are that the corporate seal was not attached to the mortgage which deprived the mortgage of the right to be recorded and thus made the Government's tax lien prior to the said mortgage; that the court did not "settle" Rudeen's "rights" predicated upon his purchase at the tax sale of January 27, 1949; that the evidence does not establish that certain property described in detail by the court was upon real estate described in the mortgage and decree. In light of all the evidence these specifications of error lack merit.

 As we have indicated (footnote 2) we think that the inadvertent misstatement by the lower court of the amount of personal property taxes which had been stipulated as actually due and owing Klamath County on the property here involved is an error which does not, in the present posture of the case, adversely affect substantial and just rights of any of the parties to this action and affords no sound reason for disturbing the judgment. Rule 61, Rules of Civil Procedure, 28 U.S.C.A.

Upon the entire record we conclude that appellant had a fair trial and that the judgment should be affirmed. It is so ordered.